# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTEGRIS, INC., <br>     Plaintiff, <br> v. <br> PALL CORPORATION, <br>     Defendant. | Consolidated Case <br><br> Case No. 03-10392-GAO |
| PALL CORPORATION, <br>     Plaintiff, <br> v. <br> ENTEGRIS, INC., <br>     Defendant. | Consolidated Case <br><br> Case No. 04-10887-GAO |
| ENTEGRIS, INC., <br>     Plaintiff, <br> v. <br> PALL CORPORATION, <br>     Defendant. | Consolidated For Purposes of Discovery (Including Claim Construction) <br><br> Case No. 06-10601-GAO |
| ENTEGRIS, INC., <br>     Plaintiff, <br> v. <br> PALL CORPORATION, <br>     Defendant. | Consolidated For Purposes of Discovery (Including Claim Construction) <br><br> Case No. 06-11494-GAO |

**JOINT PREHEARING STATEMENT**

Plaintiff Entegris, Inc. ("Entegris") and Defendant Pall Corporation ("Pall") respectfully submit this Prehearing Statement pursuant to the Court's Scheduling Order of July 20, 2010, in advance of the *Markman* hearing in this case.

## I.   THE COURT'S CONSTRUCTIONS

The Court construed several claim terms from Claim 3 of U.S. Patent No. 6,068,770 ("the '770 Patent"), Claim 1 of U.S. Patent No. 6,378,907 ("the '907 Patent"), and Claim 2 of U.S. Patent No. 7,021,667 ("the '667 Patent") at the preliminary injunction stage of these consolidated cases in its Memorandum and Order of April 30, 2004, 1:03-cv-10392, D.I. 66, and Opinion and Order of March 31, 2008, 1:06-cv-10601, D.I. 41.  Pall believes that the Court also construed certain terms in its Memorandum and Order of January 12, 2005, 1:03-cv-10392, D.I. 106 (and affirmed by the Federal Circuit); however, Entegris disagrees that the Court construed any terms in that Order. Except for the terms provided below, the parties agree that these constructions shall govern at the District Court level.

## II.   AGREED CONSTRUCTIONS FOR CLAIM TERMS

The parties agree that the following claim terms from the '907 Patent, the '667 Patent, and U.S. Patent No. 7,037,424 ("the '424 Patent") should be construed as follows:

| Claim | Claim Term | Agreed Construction |
|---|---|---|
| '907 Claim 2 | "The manifold construction of claim 1 wherein said manifold is configured to received a fluid processing module including a vent | Plain meaning. |

| Claim | Claim Term | Agreed Construction |
|---|---|---|
| | position that is in fluid sealing relationship with a vent outlet conduit fixed to said manifold" | |
| '907 Claim 2 | "vent outlet conduit" | A conduit on the manifold which connects to the vent position of the fluid processing module. |
| '667 Patent Claim 10 | "vertical direction" | The direction perpendicular to a first surface of the fluid connector member. |
| '667 Patent Claims 13, 22 and 27. | "vertical movement" | Movement parallel to the axis of the first set of connectors. |
| '667 Patent Claims 8 and 28. | "horizontal direction" | The direction perpendicular to the axis of the first set of connectors. |
| '424 Claims 14-16 | "gas vent is capable of automatically venting the gas" | The gas vent is capable of venting gas through an automatic, as opposed to manual, process. |
| '424 Patent Claim 9 | "semiconductor process fluid" | Plain meaning.[1] |
| '424 Patent Claim 10 | "semiconductor process fluid comprises at least one of a photochemical, a primer, an adhesion promoter, a | Plain meaning.[2] |

---

[1] The term "semiconductor process fluid" was proposed for construction in the parties' Joint Claim Chart of Agreed-Upon Terms, Disputed Terms for Construction and Proposed Constructions (D.I. 181). In a letter dated July 29, 2010 (D.I. 192 Ex. J), Pall agreed that the term does not require construction.

3

| Claim | Claim Term | Agreed Construction |
|---|---|---|
| | photoresist, an edge bead remover, an antireflective coating, a developer, and a dielectric" | |

## II. PROPOSED CONSTRUCTIONS FOR DISPUTED CLAIM TERMS

The parties have limited the number of claim terms to be construed to twelve (12) disputed claim terms. The disputed claim terms and the parties' proposed claim constructions for these terms are provided in the following table. The parties have provided citations of supporting evidence for their positions in the attached Exhibit A.

| Claim | Claim Term | Entegris' Proposed Construction | Pall's Proposed Construction |
|---|---|---|---|
| '907 Patent All Asserted Claims | "fluid processing module" | Fluid separation module | Fluid processing module |
| '907 Claim 2 | "vent position" | A third connector on the fluid processing module which has the primary purpose of venting substantially all gas from the module. | A position on the fluid processing module which has the primary purpose of venting gas from the module. |
| '667 and '424 Patents All Asserted | "gas vent" | A connector which has the primary purpose of venting substantially all gas from the module. | Pall acquiesces to the Court's construction in that a "gas vent" is a gas vent which has the primary purpose of |

---

[2] The term "semiconductor process fluid comprises at least one of a photochemical, a primer, an adhesion promoter, a photoresist, an edge bead remover, an antireflective coating, a developer, and a dielectric" was proposed for construction in the parties' Joint Claim Chart of Agreed-Upon Terms, Disputed Terms for Construction and Proposed Constructions (D.I. 181). In a letter dated July 29, 2010 (D.I. 192 Ex. J), Pall agreed that the term does not require construction.

4

| Claim | Claim Term | Entegris' Proposed Construction | Pall's Proposed Construction |
|---|---|---|---|
| Claims | | | venting gas from the filter module. |
| '424 Patent Claims 1, 2, 5, 14, 15, and 17 | "at least one connector that is a gas vent from the housing" | At least one connector of the separation module performs the primary function of venting substantially all gas from the interior of the housing. | At least one connector of the separation module is a gas vent. "Gas vent" has been construed by the Court. |
| '667 Patent Claims 1 and 18 | "dispense pump" | A pump used to dispense in metered portions a fluid onto a substrate, such as a semiconductor wafer.[3] | A pump used to dispense a fluid. |
| '667 Patent All Asserted Claims and '424 Patent Claims 7, 9, 11-13 | "disposable" | "Disposable" means that the module is installed and removed as a unit and can be disposed of after removal. When the separation element within the module needs replacement, the entire module is removed from the assembly and disposed of. | The term "disposable" is not an effective limitation. Pall agrees with the Court when it found: "I conclude that the word 'disposable' does not breathe life or meaning into claim 2, but is rather merely a statement of what might be typically more desirable as a feature of the fluid separation module." |
| '667 Patent All Asserted Claims | "quick connect manifold" | A manifold assembly for quick connection and disconnection of a disposable fluid separation module. | A manifold assembly that allows a module to be connected and disconnected quickly and easily to the fluid processing system. This quick connect |

---

[3] Entegris amended its construction of this term in a letter to Pall's counsel dated July 28, 2010 (D.I. 192 Ex. I).

5

| Claim | Claim Term | Entegris' Proposed Construction | Pall's Proposed Construction |
|---|---|---|---|
| | | | engagement may be accomplished in a somewhat sequential arrangement. *See* Col. 2, ll. 35-47, col. 5, l. 62 to col. 6, l. 4.[4] |
| '667 Patent Claims 2, 3, 5, 7, 8, 13, 14, 22, and 25-28, and '424 Patent Claim 2 | "receptor" | An element that receives the fluid separation module. | A "receptor" is an element that receives a module. By the doctrine of claim differentiation, the receptor does not need to be attached to the fluid connector member. *See* '667 Patent Claim 3.[5] |
| '667 and '424 Patents All Asserted Claims | "module" | As stated in a July 28, 2010 letter from S. Yothers to L.S. Beall (D.I. 192 Ex. I), Entegris believes that "separation module" is the appropriate term for construction. | An assembly capable of being removed and replaced as a unit. By the doctrine of claim differentiation, there does not have to be a permanent connection between the separation element and the housing of the module. *See* '424 Patent Claim 13. |
| '667 and '424 Patents All Asserted Claims | "separation module" | An enclosed assembly meant to be removed and replaced as a unit including at least a housing, a separation element, and appropriate fluid connections. | As stated in a July 29, 2010 letter (D.I. 190, Ex. F), Pall construed "module" as the term at issue. A "separation module" is a "module," as construed above, with |

---

[4] Pall amended its construction of "quick-connect manifold" in its Reply to Entegris's Responsive Claim Construction Brief (D.I. 202 at 11).

[5] Pall amended its construction of "receptor" in its Opening Memorandum on Claim Construction (D.I. 190 at 22).

| Claim | Claim Term | Entegris' Proposed Construction | Pall's Proposed Construction |
|---|---|---|---|
| | | | a separation element. |
| '424 Patent Claims 1 and 5 | "a separation element contained within the housing" | Plain meaning. | By the doctrine of claim differentiation, there does not have to be a permanent connection between the separation element and the housing. *See* '424 Patent Claim 13. |
| '424 Patent Claim 7 | "a separation element within the housing" | Plain meaning. | By the doctrine of claim differentiation, there does not have to be a permanent connection between the separation element and the housing. *See* '424 Patent Claim 13. |

**III.    ANTICIPATED LENGTH OF TIME NECESSARY FOR HEARING AND STATEMENT REGARDING USE OF LIVE WITNESSES**

The parties anticipate that 3 hours will be necessary for the claim construction hearing, with each side limited to 90 minutes to use at its discretion. Neither party intends to call live witnesses to testify at the claim construction hearing.

**IV.    TUTORIALS**

Due to the Court's exposure to the relevant technology during prior proceedings in this case, the parties do not intend to provide the Court with a tutorial regarding the relevant technology prior to the claim construction hearing. However, if the Court believes it would be beneficial, the parties are happy to provide tutorials.

**V.    PROPOSED ORDER OF ARGUMENT**

Entegris proposes that the claim construction arguments should be presented party-by-party, with Entegris proceeding first, followed by Pall, and then

rebuttal from Entegris, if necessary. With twelve (12) terms to be construed by the Court, Entegris believes that it will be inefficient to switch back and forth, term-by-term, in the three (3) hours proposed by the parties for the claim construction hearing. Entegris believes that its proposal will allow the parties to streamline the hearing and devote the appropriate amount of time to each term. Pall proposes that Entegris and then Pall present opening remarks to be followed by the claim construction arguments. Pall further proposes that the claim construction arguments be presented term-by-term, with Entegris proceeding first, followed by Pall.

|  | Respectfully submitted, |
|---|---|
| LEYDIG, VOIT & MAYER, LTD. | ROPES & GRAY LLP |
| | |
| */s/ Gary R. Greenberg* | */s/ Stuart W. Yothers* |
| Mark E. Phelps | John T. Montgomery (BBO# 352220) |
| H. Michael Hartmann | Dalila Argaez Wendlandt (BBO# 639280) |
| L. Scott Beall | ROPES & GRAY LLP |
| LEYDIG, VOIT & MAYER, LTD | One International Place |
| Two Prudential Plaza, Suite 4900 | Boston, Massachusetts 02110 |
| Chicago, IL 60601 | (617) 951-7000 |
| (312) 616-5600 | |
| | Stuart W. Yothers (BBO # 662450) |
| Gary R. Greenberg | ROPES & GRAY LLP |
| Louis J. Scerra | 1211 Avenue of the Americas |
| GREENBERG TRAURIG LLP | New York, New York 10036-8704 |
| One International Place, | (212) 596-9000 |
| Boston, Massachusetts 02110 | stuart.yothers@ropesgray.com |
| (617) 310-6000 | |
| | |
| Attorneys For Defendant PALL CORPORATION | Attorneys For Plaintiff ENTEGRIS, INC. |

Dated: October 5, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2010, true and correct copies of this Joint Prehearing Statement filed through ECF will be sent electronically to counsel for the Defendant Pall Corporation who are registered participants as identified on the Notice of Electronic Filing.

*/s/ Stuart W. Yothers*
Stuart W. Yothers